UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                                              No. 4:25-cr-00013-P

JARIOUS DWAYNE FLETCHER,

   Defendant.

## OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss the Indictment. ECF No. 21. After an initial denial of Defendant's Motion (ECF No. 24), the Court granted Defendant's Motion to Reconsider the Motion to Dismiss the Indictment. ECF No. 28. The Court also ordered the United States (the "Government") to respond to the Motion. *Id.* Now, having reconsidered the Motion, relevant docket filings, and applicable law, the Court will deny the Motion a second time.

## BACKGROUND

In 2017, Defendant was convicted for compelling a minor to engage in prostitution and sex trafficking a minor, both felonies. Defendant was sentenced to six years in prison for these convictions. Then, on March 3, 2024, a grand jury found that Defendant violated the possession prong of 18 U.S.C. § 922(g)(1) and § 924(a)(8). Section 922(g)(1) provides, in pertinent part:

> (g) It shall be unlawful for any person— (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (emphasis added).

On February 3, 2025, Defendant filed a Motion to Dismiss the Indictment arguing that (1) Section 922(g)(1) exceeds Congress's power under the Commerce Clause; and (2) Section 922(g)(1) is unconstitutional under the Second Amendment. As for the first argument, the Court's first Order denying Defendant's Motion is sufficient. For the second argument, Defendant made both a facial and as-applied challenge. Because the facial challenge is also adequately addressed by the Court's prior Order, this Order on reconsideration only addresses Defendant's as-applied challenge. Defendant's claim is that new Fifth Circuit caselaw found in *United States v. Diaz* is sufficient to dispose of the indictment here. 116 F.4th 458 (5th Cir. 2024). The Court now addresses that argument.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CR. P. 12(b)(1). In deciding the motion, the Court should "take the allegations of the indictment as true." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## ANALYSIS

The only issue on reconsideration of Defendant's Motion is whether *United States v. Diaz* requires dismissal of Defendant's indictment under the Second Amendment. 116 F.4th 458 (5th Cir. 2024). The Supreme Court established a two-step framework for Second Amendment constitutional challenges. *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 19–24 (2022). First, courts determine whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If so, then second, the government must "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

2

Using the *Bruen* framework, the United States Court of Appeals for the Fifth Circuit recently analyzed whether a defendant's prior criminal convictions could constitutionally serve as a basis for an indictment for possession of a firearm as a felon. *See Diaz*, 116 F.4th at 466. The court determined that "at least one of the predicate crimes that Diaz's § 922(g)(1) conviction relies on—theft—was a felony and thus would have led to capital punishment or estate forfeiture." *Id.* On that basis, the Fifth Circuit concluded that no Second Amendment violation occurred. *See id.* But the court stated that its holding was "not only premised on the fact that Diaz is a felon. Simply classifying a crime as a felony does not meet the level of historical rigor required by *Bruen* and its progeny." *Id.* at 469.

Here, the first step of *Bruen* is satisfied. The Second Amendment's text covers Fletcher's conduct (possessing a firearm) because the Fifth Circuit has repeated that felons are among "the people" protected by the Second Amendment. *Id.* at 466–67. As for the second step, the Court finds that the Defendant's prior convictions, compelling a minor to engage in prostitution and sex trafficking a minor, fit within the Nation's historic tradition of firearm regulation. As an analogue, and at the time of the founding, most states punished sodomy and rape by death and with estate forfeiture. *United States v. Contreras*, 125 F.4th 725, 731 (5th Cir. 2025).

The Defendant contends that "even into the early part of the 19th century, prostitution was not a crime."[1] But, as the Government stated, "prostitution" is the wrong historical analogue because Defendant is "not convicted of engaging in prostitution . . . ."[2] Rather, "he is convicted of compelling minors to engage in prostitution and the sex trafficking of minors," and these are "sufficiently similar to colonial-era laws punishing sodomy and rape by death and estate forfeiture."[3]

Ultimately, the Government is only required to find a "historical *analogue*, not a historical *twin*." *Bruen*, 597 U.S. at 30. In this case, given

---

[1] ECF No. 21, at 7.
[2] ECF No. 29, at 10.
[3] *Id.*

3

Defendant's previous convictions for compelling minors to engage in prostitution and the sex trafficking of minors, the Court finds that such "historical precursors" are "analogous enough to pass constitutional muster." *Bruen*, 597 U.S. at 30.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss the Indictment. ECF No. 21.

**SO ORDERED** on this **21st day of February 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE